UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                        :
HYELYN JOHNSON and CHAE E. GHIM,    :
                        :
            Plaintiffs,   :
                        :           23-CV-789 (VSB)
     - against -            :
                        :        <u>**OPINION & ORDER**</u>
                        :
QUEEN'S NAIL ART, INC. d/b/a DASHING :
DIVA nail salon, and SEUNG AE CHOI,   :
                        :
          Defendants.  :
                        :
------------------------------------------------------------X

<u>Appearances</u>:

Ryan J. Kim
Ryan Kim Law, P.C.
Fort Lee, NJ
*Counsel for Plaintiffs*

Sean Seokchan Kwak
Kim, Lim & Partners
Palisades Park, NJ
*Counsel for Defendants*

<u>VERNON S. BRODERICK, United States District Judge</u>:

       Plaintiffs Hyelyn Johnson ("Johnson") and Chae E. Ghim ("Ghim") (collectively,

"Plaintiffs") bring this action against Defendants Queen's Nail Art, Inc. d/b/a Dashing Diva Nail

Salon ("Queen's Nail Art") and Seung Ae Choi ("Seung Choi") (collectively, "Defendants")

seeking to recover unpaid minimum and overtime wages as well as gratuities, pursuant to the

Fair Labor Standards Act ("FLSA" ), 29 U.S.C. § 201 *et seq.*, § 207, and § 203(m)(2)(B), and for

violations of the N.Y. Labor Law §§ 650 *et seq.*, 196-d, 191, 195(1), 195(2), and 195(3),

including liquidated damages, interest, and attorneys' fees and costs.  (Doc. 1.)  Before me is

Defendants' motion to disqualify Plaintiffs' counsel, Ryan Kim Law, P.C., based on a pre-litigation phone conversation between Defendant Seung Choi and attorney Kim's paralegal. Because I find that Defendant Seung Choi did not disclose significant harmful confidential information during the phone call, Defendants' motion to disqualify Plaintiffs' counsel is DENIED.

## I.    <u>Factual Background</u>[1]

Plaintiff Johnson and Plaintiff Ghim, both New York residents, are former employees of Defendants, having been employed as cosmetologists at Queen's Nail Art from November 2014 to April 2022,[2] and from January 2013 to January 2023, respectively.  (Compl. ¶¶ 6-7.)[3]

Defendant Queen's Nail Art is a New York corporation doing business as Dashing Diva, and is located at 105 West 72nd Street, New York, NY 10023.  (*Id.* ¶ 8.)  It is owned by Defendant Seung Choi, (*id.* ¶ 9), who is a resident of New York, (*id.*).

After Plaintiff Johnson stopped working at Defendant Queen's Nail Art, Defendant Seung Choi had "an eerie feeling that [her former employee] was about to cause trouble" by initiating legal proceedings against her.  (Doc. 16-3 ("Seung Choi Decl.") ¶ 5; Def. Mem. 2.) She therefore sought "advice from employment law counsel."  (*Id.* at 2.)  After conducting an online search for such counsel, she called Ryan Kim Law, P.C.'s New York office on January 6, 2023.  (*Id.* at 1-2.)  Mr. Ryan Kim's paralegal, Ms. Jia Choi, answered the phone and spoke with

---

[1] The following factual summary is drawn principally from the allegations contained in Plaintiffs' complaint.  My reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] By contrast, Defendants claim that Plaintiff Hyelyn Johnson stopped working at Queen's Nail Art in late October 2022.  (*See* Def. Mem. at 2.)  "Def. Mem." refers to the Memorandum of Law In Support of Defendants' Motion to Disqualify Plaintiff's Counsel.  (Doc. 16-1.)

[3] Plaintiffs' complaint states that Ms. Ghim was employed at Queen's Nail Art "from January 2013 to the current[,]" which I interpret to mean January 2023, the month this complaint was filed.  "Compl." refers to the complaint. (Doc. 1.)

Defendant Seung Choi for approximately 40 minutes.  (Def. Mem. 2; Pl. Opp'n 5).[4]  Paralegal
Jia Choi testified that, "[a]s part of my job screening cases, I ask callers general questions about
the reason for their call to determine if it is worth scheduling a consultation with Ryan Kim."
(Doc. 23-1 ("Jia Choi Decl.") ¶ 7.)   The parties dispute whether Defendant Seung Choi
disclosed the name of her business. (*See* Def. Mem. 2; *see also* Pl. Opp'n 2).  They agree,
however, that Defendant Seung Choi disclosed that she operated a nail salon in New York, and
wanted to know whether her employees could sue her.  (Jia Choi Decl. ¶ 6.)  Defendant Seung
Choi alleges that during the call, she "disclosed to the Kim Firm all the employment and wage-
and-hour practices at Queen's Nail, including the method of recording the employees' work
hours, the records she maintains, how cash and credit card tips are distributed, and how wages
are paid."  (Def. Mem. 3; *see also* Seung Choi Decl. ¶¶ 19–38.)  She further alleges that she
"disclosed and/or described the forms she was using or not using, including IRS forms W-4 and
I-9, and specifically the 'LS54' forms and wage notices (or colloquially, paystubs) that she uses
at her business."  (*Id*.)  Moreover, Defendant Seung Choi alleges that she "also disclosed some
issues she was having and/or had with certain current and former employees, including Plaintiff
Johnson, and sought advice on whether Johnson or similarly situated employees would have any
viable claims . . . and whether any new or modified employment practices might be advisable."
(*Id*.)  Finally, Defendant Seung Choi asserts that during the call, after she described her
predicament to the paralegal, Jia Choi "said in passing 'oh, maybe it's her,'" which Defendant
believes indicates that Jia Choi realized that she might be speaking with a future adverse party.
(Seung Choi Decl. ¶ 27.)

---

[4] "Pl. Opp'n" refers to Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Disqualify
Plaintiffs' Counsel.  (Doc. 20.)

Jia Choi confirms that she spoke to Defendant Seung Choi on January 6, 2023, but that she did not know the caller's identity until later.  (Jia Choi Decl. ¶ 3).  She states that "[t]he first time I discussed this call with Ryan Kim was on April 27, 2023, when he learned that Seung Choi claimed that she had called the firm."  (*Id*. ¶ 28).  In addition, although Jia Choi acknowledges that Defendant Seung Choi informed her of her business's wage practices and records management, (*id.* ¶¶ 8–9), she disputes that Defendant Seung Choi "explained the forms that she uses to record her employees' work hours, wage payments, and tips collected," (*id*. ¶ 10).  Jia Choi also states that she does not "recall speaking with the caller about IRS forms W4 and I-9 or LS54 NY Department of Labor and paystubs."  (*Id*. at ¶ 11.)  Although she acknowledges that she asked Defendant Seung Choi whether she pays her employees their tips and gratuities, she asserts that she "did not ask for the detail of her practice on tip distribution and [Defendant Seung Choi] did not disclose any details either."  (*Id*. at ¶ 12.)  Jia Choi ultimately told Defendant Seung Choi—known to her then only as "the caller"—that "if what she said [was] accurate, it [was] unlikely that her employees would succeed on a claim against her." (*Id*. at ¶ 15.)

At no point did Defendant Seung Choi speak directly with Ryan Kim, nor did Defendants retain or otherwise engage him or his firm.  (Doc. 23 ("Ryan Kim Decl.") ¶¶ 13–14).)  Defendant Seung Choi was also not charged, and did not pay, any consultation fee to Ryan Kim or his firm for the call she had with Jia Choi.  (Pl. Opp'n 3.)

Plaintiff Johnson first contacted Ryan Kim's office on January 10, 2023, (Jia Choi Decl. ¶ 26),[5] but given the differing details Plaintiff Johnson relayed to her, Jia Choi "did not recognize it as the same matter as the earlier anonymous call."  (*Id*. at 27.)

---

[5] Ms. Jia Choi states that she retuned Plaintiff Johnson's call on January 11, 2023.  (*Id*. at ¶ 26.)

Defendant Seung Choi asserts that in "late April 2023," she "overheard" some of her employees talking amongst themselves about how Defendant Seung Choi was "'foolish' for telling Plaintiffs' lawyer about all [her] business practices, because it is helping Plaintiffs'" lawsuit.  (Seung Choi Decl. ¶ 36.)

**II.    <u>Procedural History</u>**

Plaintiffs commenced this action on January 31, 2023 by filing a complaint.  (*See* Compl.)  On February 20, 2023, Defendants filed an answer, (Doc. 9), followed by an amended answer, (Doc. 12), four days later.

On March 3, 2023, the parties sought referral to the Southern District's Mediation Program, (Doc. 13), which I granted on March 7, 2023, (Doc. 15).  The first mediation conference was subsequently scheduled for May 12, 2023 at 10:00 a.m.  However, on May 11, 2023, I received notification that the mediation conference was cancelled.

On May 12, 2023, Defendants filed a motion to disqualify Plaintiff's counsel, the Ryan Kim Law, P.C., along with affidavits, exhibits and memorandum of law in support.  (Doc 16.) On May 15, 2023, I issued an order withdrawing the case from the Court-annexed mediation program and staying discovery in this action pending resolution of Defendants' motion to disqualify opposing counsel, (Doc. 18).  I also directed the parties to file additional briefing on the motion to disqualify.  (*Id*.)  I made clear that, "[i]f, upon review of the parties' submissions, I determine that Defendants' motion should be supplemented by an in camera submission regarding the nature of the confidential information that was purportedly disclosed to the Ryan Kim Law firm, I will request such supplementation."  (*Id*.)  Thereafter, on May 22, 2023, Plaintiffs filed their opposition to the motion, (Doc. 20), and on May 25, 2023, Defendants filed their reply, (Doc. 21).

After I reviewed the parties' materials, on May 26, 2023, I ordered the parties to appear for a telephone conference on June 1, 2023, (Doc. 22), to discuss Defendants' pending motion to disqualify Plaintiffs' counsel.  In accordance with the directives I gave during the conference, I ordered Defendant to file an affidavit, ex parte and under seal, and email a copy to my Chambers, detailing the harmful information that Defendant Seung Choi allegedly disclosed during her phone call with Ryan Kim Law.  (Doc. 26.)  Specifically, I ordered that the affidavit provide details surrounding the alleged conversation that Defendant Seung Choi overheard regarding the characterization of her conversation with Ryan Kim Law, including the names of the employees that she overheard, and a copy of the text message sent to Defense counsel on April 26, 2023.  (*Id*.)  I further ordered that the affidavit must confirm whether Defendant took any notes related to her telephone call with Ryan Kim Law.  (*Id*.)  Finally, I ordered Plaintiff's counsel to provide a supplemental affidavit from Jia Choi, confirming whether any notes were taken related to the telephone call with Defendant Seung Choi.  (*Id*.)  On June 23, 2023, Defendant Seung Choi filed an ex-parte affidavit under seal, (Doc. 28), and Plaintiffs filed a supplemental affidavit from Jia Choi, (Doc. 27).

### III.   <u>Legal Standard</u>

 "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process."  *Hempstead Video, Inc., v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir.2005) (internal quotation marks omitted).  Although a court benefits from guidance from the American Bar Association and state disciplinary rules, ultimately such rules "merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification."  *Id.* (citations omitted).  "A federal court's decision of whether to disqualify counsel must ultimately be guided by the goal of a trial process that

lacks any hint of a taint." *Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C.*, 440 F.

Supp. 2d 303, 309 (S.D.N.Y. 2006) (internal quotation marks omitted).

"Because courts must guard against the tactical use of motions to disqualify counsel, they

are subject to fairly strict scrutiny." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir.

2009) (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). "[T]he party seeking

disqualification bears a heavy burden of demonstrating that disqualification is necessary."

*Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231–32 (S.D.N.Y. 2010) (citation omitted); *see*

*also Murray*, 583 F.3d at 178 ("The movant . . . 'bears the burden of demonstrating specifically

how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice

occurring . . . is substantial.'" (quoting *Lamborn*, 873 F.2d at 531)).

## IV.    Discussion

Defendants argue that Plaintiff'' counsel Ryan Kim must be disqualified because during

Defendant Seung Choi's consultation with Kim's paralegal Jia Choi, Seung Choi allegedly

conveyed information that, in the hands of attorney Ryan Kim, could prejudice Defendants' case.

(*See* Def. Mem. 5–8.) Based on the materials before me, I find that Defendant Seung Choi did

not confer confidential or prejudicial information to paralegal Jia Choi, and therefore deny the

disqualification motion.

"Rule 1.18 of the New York Rules of professional conduct, titled 'Duties to Prospective

Clients,' provides a basis for disqualifying an attorney who 'is in a position to use confidential

information obtained from a potential client.'" *Liu v. VMC E. Coast LLC*, No. 16-CV-5184,

2017 WL 4564744, at *3 (E.D.N.Y. Oct. 11, 2017) (quoting *Miness v. Ahuja*, 762 F. Supp. 2d

465, 478–79 (E.D.N.Y. 2010)).[6] The Rule prohibits an attorney from representing a party that is

---

[6] Rule 1.18 provides, in relevant part:

adverse to a prospective client when the "lawyer receives [or has received] confidential information from a prospective client that could be 'significantly harmful' to the prospective client if used in the litigation at issue." *Liu*, 2017 WL 4564744, at *4 (quoting N.Y.R.P.C. 1.18(c)); *see also id*. ("The lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be significantly harmful if used in that matter." (quoting N.Y.R.P.C. 1.18 cmt. 6) (emphasis omitted)).

In this context, courts have interpreted "significantly harmful information" to mean "a party's 'undisclosed settlement strategy,' its 'bottom line' in settlement, . . . its 'views and impressions of the litigation,' including its 'thoughts on the strengths and weaknesses of the parties' respective positions,' and its 'opinions and impression of even public documents and facts.'" *Benevida Foods, LLC v. Advance Mag. Publishers Inc.*, No. 15-CV-2729, 2016 WL 3453342, at *11 (S.D.N.Y. June 15, 2016) (quoting *Zalewski v. Shelroc Homes, LLC*, 856 F. Supp. 2d 426, 435–37 (N.D.N.Y. 2012)). "In contrast, courts have held that information is not 'significantly harmful' if it is public information, if it merely regards the 'history of the dispute,' or if it is 'likely to be revealed at the moving party's deposition or in other discovery.'" *Id*. (quoting *Zalewski*, 856 F. Supp. 2d at 435).

---

(a) Except as provided in Rule 1.18(e), a person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b) Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal that information, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, [subject to certain exceptions which do not apply here].

N.Y.R.P.C. 1.18.

"[S]peculation will not suffice to grant a motion to disqualify" based on the "divulging of client confidences." *Benevida*, 2016 WL 3453342, at *10 (internal quotation marks omitted). "The evidence must at least be sufficient to support a reasonable inference that a canon of professional responsibility has been violated." *Id*. (internal quotation marks omitted and alterations adopted).

Even crediting Defendant Seung Choi's version of events, the information she alleges in her first declaration that she conveyed to paralegal Jia Choi, (*see* Doc. 16-3), is not the sort of "significantly harmful information" warranting disqualification, *Benevida*, 2016 WL 3453342, at *11. Defendant's description in her declaration that she "explained all the employment and wage-and-hour practices at [her business] and asked if there were any issues" is a summary of the factual details related to the current litigation. (Seung Choi Decl. ¶ 21; *see also id*. ¶¶ 19–29.) It is also generally consistent with paralegal Jia Choi's contemporaneous notes. (*See* Doc. 27 ("Second Jia Choi Decl.").) Courts have found in analogous circumstances that "discussions regarding the nature of the [party's] business" and "the history of the dispute" do "not constitute significantly harmful information" warranting disqualification. *Zalewski*, 856 F. Supp. 2d at 435 (citing *ADP, Inc. v. PMJ Enters., LLC*, 2007 WL 836658, at *5 (D.N.J. Mar. 14, 2007)). All parties to a lawsuit presumably know the factual circumstances giving rise to the litigation, *see ADP*, 2007 WL 836658, at *5, and here Defendants have not stated otherwise. It is not harmful that Defendant asked paralegal Choi "how [Defendant] might change [her] practices to better protect [her] business," or that paralegal Choi "advised" Defendant "about potentially viable claims against [Defendant] or Queen's Nail." (Seung Choi Decl. ¶¶ 28–29.) Asking for advice does not convey any information other than the party's desire for advice on a topic; it is not prejudicial to Defendant Choi that the paralegal knew she anticipated being sued. If that were

the rule, there would be no point to Rule 1.18's condition that only the disclosure of

"significantly harmful" information warrants disqualification, N.Y.R.P.C. 1.18(c), because any

conversation with an attorney could be construed as a communication that the party anticipated

being sued.

      Defendant's second declaration, submitted ex parte for *in camera* review and containing

further details regarding the allegedly harmful information conveyed during the phone call, does

not change my conclusion. ███████████████████████

███████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

███████████████████████████

████████████████████████████

████████████████████████████

████████████████████

███████████████████████

████████████████████████████

████████████████████████████

██████████████████████████

████████████████████████████



[7] Simply put, Defendant Choi did not disclose potentially harmful information to attorney Kim's paralegal.

---

[7] I have redacted this portion of the Opinion & Order on the public docket because it discusses the details of a document submitted under seal and *ex parte*. As indicated below, I will direct Defendants to submit a letter either consenting to the Opinion & Order being filed without redactions or justifying its continued redaction. After considering Defendants submission, I may file an amended version of the Opinion & Order.

## V.    <u>Conclusion</u>

Accordingly, Defendants' motion to disqualify Plaintiffs' counsel is DENIED.

IT IS HEREBY ORDERED that no later than January 31, 2025, Defendants shall submit a letter explaining their position on continued redaction of the portion of this Opinion & Order relating to Defendant Choi's *ex parte* declaration.

The Clerk of Court is respectfully directed to terminate the open motion at Document 16.

SO ORDERED.

Dated: January 17, 2025
      New York, New York

Vernon S. Broderick
United States District Judge