> For the reasons set forth in the letter motion, Defendants' request for a portion of the January 17, 2025 Opinion & Order, (Doc. 32), to remain redacted on the public docket is GRANTED.
>
> IT IS HEREBY ORDERED that the parties meet and confer, and no later than February 10, 2024, submit a joint letter with their proposed next steps in this action.
>
> The Clerk of Court is respectfully directed to terminate the letter motion at Doc. 33.

SO ORDERED: 01/30/2025

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

RE: **HYELIN JOHNSON, et al. v. QUEEN'S NAIL ART, INC., et al.**
   Case No.: 1:23-cv-00789-VSB
   **DEFENDANTS' POSITION REGARDING CONTINUED REDACTION**

Dear Judge Broderick,

As Your Honor is aware, this office represents the defendants, Queen's Nail Art, Inc. and Seung Ae Choi ("Defendants"), in the above-referenced matter. Defendants respectfully submit this letter in accordance with the Opinion and Order entered on January 17, 2025 ("Order"). Defendants respectfully request that the Court continue to redact and/or maintain the redaction of the Order (i.e., pages 10-11 of the Order) for the reasons set forth below.

As set forth in footnote 7 of the Order (page 11), the currently redacted portion of the Order "discusses the details of a document submitted under seal and *ex parte*." Such document, document 28, is a declaration of Defendant Seung Ae Choi ("Ms. Choi") submitted in support of the motion to disqualify the plaintiff's counsel, Ryan Choi, Esq. That declaration was filed in confidence because Defendant believes – and continues to believe – that such information is not only privileged but may be prejudicial to Defendants in this action.

Generally, and without disclosing the subject matter or the specific contents, the declaration is a recount of Ms. Choi's conversation with Jia Choi, a paralegal at Plaintiff's counsel's office. While this Court ultimately denied Defendants' motion to disqualify, such information – the dialogue – may nevertheless shed light on Ms. Choi's vulnerability in handling litigation matters and/or her settlement posture. At a minimum, Defendants believe it would, which is why they filed the motion to disqualify in the first instance.

Moreover, the redacted portion of the Order contains information that Plaintiff's counsel – through Jia Choi – may or may not have in his possession. Although the Court at least questions the credibility of the declaration (e.g., "[e]ven crediting [Ms. Choi's] version of events. . . Order, p. 9), the information set forth in Ms. Choi's declaration filed under seal is, at a minimum, what she *believes* is true. Worse yet, such information may be used to impeach Ms. Choi. Defendants

respectfully submit that a litigant-client should not risk or suffer such a disadvantage for attempting to enforce her rights as a client.

This Court recently laid out the standard for sealing (or redacting) documents of judicial records:

> The Southern District of New York has a presumption favoring public access to judicial records. <u>Bernstein v. Bernstein Litowitz Berger & Grossman</u>, 814 F.3d 132, 141 (2nd Cir. 2016). However, access to judicial records is not unlimited. <u>U.S. v. Amedeo</u>, 44 F.3d 141, 146 (2nd Cir. 1995). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary to preserve higher values and (2) is narrowly tailored to serve that interest. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2nd Cir. 2006). "Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, or ***preservation of attorney-client privilege***. <u>Lugosch</u>, 435 F.3d at 125; <u>Bernsten v. O'Reilly</u>, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). A sealing request is narrowly tailored when it seeks to seal only that information that needs to be sealed in order to preserve higher values. <u>Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.</u>, 2021 U.S. Dist. LEXIS 151075 at *4 (S.D.N.Y. Aug. 11, 2021).

<u>Charleston Immersive/Interactive Studio LLC v. Aydin</u>, 1:24-cv-4943, 2024 U.S. Dist. LEXIS 133431, at *2 (S.D.N.Y. July 23, 2024) (bold italics emphasis added).

Here, the redacted portion of the Order discusses Ms. Choi's recount of her conversations with Jia Choi, a paralegal at Plaintiff's counsel's law firm. Such dialogue is covered by attorney-client privilege. The relevant rules provide:

> **1. Confidential Communication Privileged.** Unless the client waives the privilege, an attorney or his or her employee, or any person who obtains without the knowledge of the client evidence of a confidential communication made <u>between the attorney **or his or her employee** and the client</u> in the course of professional employment, shall not disclose, or be allowed to disclose such communication, nor shall the client be compelled to disclose such communication, in any action. . .

NY CPLR 4503(a)(1) (underscore and bold emphasis added). Irrespective of this Court's ruling on the Defendants' motion to disqualify, the communications between Ms. Choi and Jia Choi remain privileged. As such, the redacted portion of the Order has the "higher values" sufficient to overcome the presumption of public access.

Moreover, the redaction of the Order is narrowly tailored. The redaction is limited to only three paragraphs quoting or paraphrasing the attorney-client privileged communications submitted for in-camera review.

For all the foregoing reasons, Defendants respectfully request that this Court continues to redact the portion of the Order (DE#26) as is currently redacted.

We thank the Court for its time and attention in this matter.

> Respectfully submitted,
>
> /s/ *Sean S. Kwak*
>
> Sean S. Kwak