

HENRY L. KIM*†
JOSHUA S. LIM*†
KENDAL SIM*†
SEAN S. KWAK*†
NARAE YIM*
SALLY ABDULRAOUF*†

\* Admitted in NY    † Admitted in NJ
‡ Admitted in CA & PA
§ Certified by the Supreme Court
   of New Jersey as a Civil Trial Attorney

OF COUNSEL
NICHOLAS J. DUBOIS*†
JOHN CHEN*†
CRAIG A. BORGEN*†‡§

NY Office
164-01 Northern Boulevard, 2nd Floor
Flushing, NY 11358
F: 877.833.2007
Reply to NJ address only

Via ECF
United States District Court
Southern District of New York
Attn: Hon. Valerie Figueredo, U.S.M.J.
500 Pearl St.
New York, New York 10007

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
> **Dated: May 1, 2026**
>
> Plaintiffs are directed to file a response by **May 6, 2026**.

**RE:    HYELIN JOHNSON, et al. v. QUEEN'S NAIL ART, INC., et al.**
**Case No.: 1:23-cv-00789-VSB**
**REQUEST FOR PRE-MOTION CONFERENCE**

Dear Judge Figueredo,

As you are aware, this office represents the defendants, Queen's Nail Art, Inc., and Seung Ae Choi ("Defendants"), in the above-referenced matter. Defendants respectfully submit this letter seeking a pre-motion conference seeking (i) leave to file a motion to compel Plaintiffs' responses to Defendants' post-deposition discovery demands; and (ii) leave to file a motion for sanctions for Plaintiffs' perjury and/or spoliation and Plaintiff's counsel's misrepresentations to this Court.

As Your Honor may recall, on the conference call held in this matter on April 15, 2026, Defendants raised the issue regarding Plaintiffs' failure to timely respond to Defendants' post-deposition discovery demands propounded upon both Plaintiffs. At that conference, Your Honor directed Plaintiffs to produce responses thereto by the end of that week – by Friday, April 17, 2026.

Plaintiffs did provide the written responses. However, they are patently deficient as detailed below. Plaintiffs' responses are annexed hereto as Exhibits 1 and 2.

### Grounds for Defendants' Motion to Compel

<u>Plaintiff Ghim's Responses to the Post-Deposition Discovery Demands</u>

Plaintiff Ghim's responses are annexed hereto as Exhibit 1. Firstly, Plaintiff Ghim testified at her deposition that she maintained certain notes or journal entries on the "Notes" application accessible on her iPhone (i.e., the "iOS" operating system ). Her testimony is quite unambiguous that she had access to those journal entries at that time. During her deposition, she even offered to provide them to Defense counsel. (Exhibit 3, 27:18-28:19 ("I may have written down a lot of them in my journal. . . *should I provide it to you later*?") (emphasis added)).

Contrary to her testimony, however, Plaintiff Ghim now states, "**Plaintiff is not in possession of any such documents responsive to this request.**"[1] (Exhibit 1, #1) in response to a demand for precisely those "Notes" entries. Defendants raise this issue with the caveat that Plaintiff's counsel had already explained that Plaintiffs may have "lost" some documents when they moved. But as Your Honor pointed out, electronically stored information on a smartphone would not get lost during a move.

Secondly, Plaintiff Ghim also testified, "what I have in my possession are some envelopes which… were used … to pay for my wages." (Exhibit 3, 36:17-21). She later testified that her sister had those envelopes for the pre-COVID times (i.e., until March 2020), but not thereafter. (Id., 36:22-37:4; 40:1-8). To emphasize, Plaintiff Ghim testified that she has at least *some* of these envelopes.

Likewise, contrary to her testimony, Plaintiff Ghim responded, "**Plaintiff is not in possession of any such documents responsive to this request.**"[2] (Exhibit 1, #2) in response to a demand for precisely those envelopes. Again, though Plaintiff's counsel explained that these may have been lost during a move, it is quite clear from Plaintiff Ghim's testimony that she had these envelopes as of her deposition, conducted on February 11, 2026. Unless she moved in the past 2 months, Plaintiff's counsel's reasoning for the loss does not provide an excuse.

Thirdly, Defendants demanded the production of the writings that Plaintiff made *during* her deposition. Since this document was made at the time of Plaintiff's deposition, Plaintiff has no excuse for not having this document for production. (See Exhibit 3, 47:6-48:4). Notwithstanding, Plaintiff Ghim responded she "**is not in possession of any such documents responsive to this request**" (Exhibit 1, #5). This is particularly concerning because Defendants propounded their post-deposition demands just one (1) day after Plaintiff Ghim's deposition, on February 12, 2026.

Plaintiff Johnson's Responses to the Post-Deposition Discovery Demands

Plaintiff Johnson's responses are annexed hereto as Exhibit 2. Firstly, Defendants demanded her bank statements (Exhibit 2, #1) – which was explicitly referenced in her deposition testimony. Plaintiff Johnson responded that she is "**in the process of scanning them and will produce them shortly**." After Plaintiff Johnson produced her written responses on April 17th, Defense counsel followed up for this production the following week, April 22nd. Plaintiff's counsel has not responded to this inquiry. To date, Plaintiff Johnson has still *not* produced these records. In light of the close of discovery on April 30, 2026, Defense counsel raises this issue more urgently without an opportunity to further confer, to reserve Defendants' rights.

---

[1] Plaintiff Ghim asserts an objection that this demand is duplicative of a prior demand. In this action, Plaintiff Ghim produced only 8 pages of documents, none of which are responsive to this request.
[2] Plaintiff Ghim asserts an objection that this demand is duplicative of a prior demand. In this action, Plaintiff Ghim produced only 8 pages of documents, none of which are responsive to this request.

Secondly, Plaintiff Johnson also testified that she has certain envelopes that enclosed her wages, and which had written on them the "pay in weekly and the hours total amount" (Exhibit 4, 95:10-13). She confirmed that she "still ha[s] all of them with [her]." (Id., 95:14-18). Defendants demanded the production of the same. Plaintiff Johnson similarly responded that she is "**in the process of scanning them and will produce them shortly.**" To date, despite Defense counsel's request for an update, Plaintiff's counsel has been unresponsive, and the responsive documents have not been produced.

For the foregoing reasons, Defendants respectfully seek leave to file a motion to compel, seeking the production of the foregoing documents demanded in Defendants' post-deposition discovery demands.

## Grounds for Defendants' Motion for Sanctions for Perjury and/or Spoliation

As set forth above, Plaintiff Ghim testified that she is in possession of certain documents, which are quite essential to proving the parties' claims and defenses, as relevant to Plaintiff's work hours and payment of wages (and calculations thereof).[3] Now, just several weeks thereafter, however, Plaintiff responded that she is *not* in possession thereof.

This indicates either that Plaintiff Ghim lied during her deposition or that her responses to the discovery demands are false. The sole alternative is that Plaintiff Ghim both testified truthfully during her deposition and her written responses: She had these documents on February 11, 2026, but is *no longer* in possession of those documents. If this were the case, it could only mean that she had destroyed the evidence shortly after her deposition: an act of spoliation.

Defendants are also gravely concerned about Plaintiff's misrepresentations to the Court at the April 15, 2026, conference. Plaintiff unambiguously represented to this Court that Plaintiffs do not possess the responsive documents because they have been "lost" while they were moving. However, it appears Plaintiff Johnson did *not* lose these documents, as she responded that she is "scanning them." And the documents demanded from Plaintiff Ghim are those which she testified are in her possession as of her deposition date, just two months ago; it is highly unlikely that Plaintiff Ghim has relocated in the past two months.

Plaintiffs' and Plaintiffs' counsel's inconsistent testimonies and representations are causing delays in this matter at the eleventh hour before the close of discovery.

To the extent Plaintiffs' testimonies and discovery responses are irreconcilably contradictory, Defendants seek leave to move for sanctions for Plaintiff's false responses or false testimony – a perjury – in the form of negative inference, barring certain evidence or testimony, and an award of attorney's fees incurred in resolving this issue. To the extent Plaintiff's counsel misrepresented facts to this Court, Defendants seek leave to move for sanctions under 28 U.S.C § 1927 and the Court's inherent authority.

---

[3] Both Plaintiffs testified that the envelopes noted the total hours worked in a given workweek. Plaintiff Johnson also testified that these envelopes indicated the total wages paid for that week.

## Request for Pre-Motion Conference

For all the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference for Defendants' motion to compel and for sanctions.

We thank the Court for its time and attention in this matter.

Respectfully submitted,

*s/ Sean S. Kwak*

Sean S. Kwak